# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| LARAMIE DON MILLER, | § § § | |
| *Appellant*, | § | |
| v. | § | Case No. 4:19-cv-00208-JRG-RSP |
| SOUTHSIDE BANK, | § § § | |
| *Appellee*. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Appellee Southside Bank's Motion to Dismiss Appeal ("Motion"). (Dkt. No. 3.) Appellant Laramie Don Miller did not file any response to this Motion. After consideration, the Court orders that Southside Bank's Motion be **GRANTED**.

Southside Bank contends that an "Order for Contempt by Laramie Don Miller" was entered on February 8, 2019 in the United States Bankruptcy Court, Eastern District of Texas, Sherman Division in case number 18-42417, docket number 32. (Dkt. No. 3 at 1.) Southside Bank argues that the deadline for any appeal would have ended on February 22, 2019. (*Id.*) According to Southside Bank, Miller did not file any motion for extension and the Bankruptcy Court did not grant any extension. (*Id.*) Since Miller filed his Notice of Appeal of this Order on March 18, 2019, Southside Bank asserts that the Notice of Appeal was untimely, making dismissal of this appeal appropriate. (*Id.*)

Local Rule CV-7 states that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Because Miller did not file any response to Southside Bank's Motion, Miller failed to oppose Southside Bank's Motion to Dismiss in the manner prescribed by the local rules. Consequently, a presumption exists here that Miller does not

controvert the facts set out by Southside Bank and that Miller has no evidence to offer in opposition to the motion.

Bankruptcy Rule 8002 (a) generally requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(b) alters this framework when certain motions, such as a motion for relief from a Judgment or Order under Rule 9024, are filed within the time allowed by the rules. Generally, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect. Fed. R. Bankr. Proc. 8002(d)(1).

"[T]he time limit for an appeal is jurisdictional . . . ." *Matter of Bad Bubba Racing Prod., Inc.*, 609 F.2d 815, 816 (5th Cir. 1980). "The District Court lacks jurisdiction of an appeal that is not timely filed." *Matter of Robinson*, 640 F.2d 737, 738 (5th Cir. 1981). "A district court lacks jurisdiction to entertain an appeal that is not filed within the fourteen-day period prescribed by Federal Rule of Bankruptcy Procedure 8002." *In re SBMC Healthcare, LLC*, 547 B.R. 661, 679 (S.D. Tex. 2016).

Applying these rules, the Court concludes that Miller has not timely filed his Notice of Appeal. The Order for Contempt was filed on February 8, 2019, making any notice of appeal to that Order of Contempt due by February 22, 2019 pursuant to Bankruptcy Rule 8002(a). Under Bankruptcy Rule 8002(d)(1), Miller could request an extension of time up to and through March 15, 2020, and only upon a showing of excusable neglect. Miller failed to request any such extension of time by that date. Consequently, the Court concludes that the Notice of Appeal was untimely in this case, making dismissal appropriate. "A district court lacks jurisdiction to entertain

an appeal that is not filed within the fourteen-day period prescribed by Federal Rule of Bankruptcy Procedure 8002." *In re SBMC Healthcare, LLC*, 547 B.R. 661, 679 (S.D. Tex. 2016). Accordingly,

**IT IS ORDERED** that Southside Bank's Motion to Dismiss is **GRANTED** and the above-captioned matter is **DISMISSED** for lack of jurisdiction.

**So ORDERED and SIGNED this 14th day of January, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE